Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** a California Limited Liability Company, and **DALLAS BUYERS CLUB, LLC**, a Texas Limited Liability Company, | Case No.:  3:14-cv-01407-AC |
| Plaintiffs, | PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS |
| v. | FRCP 54 |
| **PETER PECSOK,** | |
| Defendant. | |

Conferral

Plaintiffs' counsel certifies he has attempted to confer with the *pro se* defendant in this matter and there has been no response.  It is unclear if there will be any opposition to this motion.

MOTION

Default Judgment being entered against defendant on March 9, 2015, Dkt. 25, plaintiffs Voltage Pictures, LLC and Dallas Buyers Club, LLC, now move for an award of plaintiffs' reasonable costs attorney fees in the amount of $3,276.00 and costs of $525.00 pursuant to 17 U.S.C. § 505 and FRCP 54.

 This motion is supported by the below memorandum, declaration of counsel and exhibits.

MEMORANDUM

Plaintiffs Voltage Pictures, LLC and Dallas Buyers Club, LLC, ("DBC") submit the following memorandum in support of its motion for an award of costs and fees.

BACKGROUND

Plaintiffs initially brought claims against the defendant as an unknown party and identified the defendant as DOE-67.189.16.171. Dkt. 1. Plaintiffs sought leave for initial discovery and with leave of the Court subpoenaed ISP Comcast for the identity of the subscriber associated with Internet protocol ("IP") address 67.189.16.171. The subpoena response from Comcast identified Peter Pecsok as the subscriber.

In the investigation of this matter, defendant has confirmed he maintained a secure Internet connection and confirmed that that he was responsible for activity on his Internet service and no third parties have access to his Internet who might be responsible for the infringing activity. Decl. Counsel ¶ 16.

Plaintiffs continued their investigation and ascertained that the likely actual infringer and proper defendant was in fact Peter Pecsok, and filed plaintiffs' First Amended Compliant on November 6, 2014. Dkt. 11.

The defendant was served on November 11, 2014. Dkt. 14. Without a response to the pending complaint, a Notice of Default was filed with the court and served on the defendant on December 18, 2014. Dkt. 15. Default was then entered against the defendant on December 30, 2014. Dkt. 20. A default judgment was entered against defendant on March 9, 2015. Dkt. 25.

///

ARGUMENT

Once a default is entered against a party, all allegations other than damages are presumed to be true.  *Geddes v. United Financial Gr*oup, 559 F.2d 557, 560 (9th  Cir. 1977) *citing Pope v. United States*, 323 U.S. 1, 12, (1944).  As such, the allegations of plaintiffs' complaint are deemed true and proven.

1.    Plaintiff has proven copyright infringement.

To prevail on a copyright infringement claim a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Kelly v. Arriba Soft Corp.,* 336 F.3d 811, 817 (9th Cir. 2003).  Plaintiffs' complaint, the allegations of which must be taken as true, establishes both of these elements.  Dkt. 11,  ¶¶ 8,9, 42-52.

2.    Defendant's conduct was willful.

Allegations that a defendant acted willfully are properly deemed to be true once the court enters a default.  *Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 702 (9th Cir. 2008). The admitted facts of this case dictate that the defendant willfully infringed plaintiff DBC's registered copyrights warranting enhanced statutory damages.  Dkt. 11, ¶¶ 24-25, 37, 47-49, 52.

3.    Attorney's fees and costs are properly award plaintiff.

Plaintiff DBC seeks attorney fees under 17 U.S.C. § 505.  In a copyright action it is proper to award a prevailing Plaintiff reasonable attorney's fees and costs. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989); *citing McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987).  Plaintiff seeks costs in the sum of $525.00, and attorney fees in the sum of $3,276.00 for 10.5 hours of work on this matter, the specifics of which are attached to the co-filed verified Bill of Costs, Declaration of Counsel and Exhibits. Decl. Counsel,  ¶¶ 11-15; Exhibits 1,2.

District courts should consider the following nonexclusive factors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 614 (9th Cir. 2010); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994).

In the present case, plaintiff's success is complete.  The claims are deemed fully admitted and are not frivolous.  The motivation of the plaintiff is to enforce its rights as it is active in the industry.  And there is an express intent in the relevant statute for costs and fees for enforcing copyrights in response to the willful conduct of the defendant.  The 9th Circuit has also noted that attorney fee awards are particularly important to "to deter future copyright infringements" when there is a small award of damages.  *Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1432 (9th Cir. 1996).  With the statutory minimums awarded in this case, an award of attorney fees is essential to advance considerations of compensation and deterrence.

Plaintiff submits that though counsel's hourly rate for work in this field is $350.00 - $450.00, and the AIPLA Economic Survey for attorneys working in intellectual property places the average hourly rate for an attorney with 16 years experience at $481.00[1], no deviation is sought from the $312.00 hourly rate established by the 2012 Oregon State Bar Economic Survey and the findings of Chief Judge Aiken in Voltage v. Choi, 3:13-cv-855-AA, Dkt. 32 (D. Or. Nov. 7, 2013). See also, Voltage v. Smith, 6:14-cv-1193-AA, Dkt. 22 (D. Or. Feb 18, 2015); LR 54-3; Decl. Counsel ¶¶ 6-10.

---

[1] AIPLA Report of the Economic Survey 2013, Average hourly billing rate in 2012 (Q35), p. I-34.  Decl. Counsel ¶ 10.

The time on this case as a whole is in excess of that submitted as this case was part of four cases filed contemporaneously (See, Case Nos. 14-cv-1405, 14-cv-1406, 14-cv-1408, 14-cv-1409) and related to other proceedings by the same plaintiffs.  However attorney fees sought have been specifically limited the necessary time related to this particular defendant and to the extent time advanced more than one case, it is specifically divided and apportioned among the cases as noted in the submitted time account.   Decl. Counsel, ¶ 11; Exhibit 1.  The court is further requested to consider the diligence and time spent ensuring the party named in this matter was in fact a proper named and infringing defendant and the issues dealing with a defendant that knowing full well of the consequences of their actions simply refused to appear. Decl. Counsel, ¶ 12.


CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court enter a supplemental judgment against the defendant for plaintiffs' reasonable attorney fees in the amount of $3,276 and costs of $525 pursuant to 17 U.S.C. § 505.


DATED: March 22, 2015.

/s/  Carl D. Crowell
Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240


MOTION - COSTS AND FEES                                    Page 5 of 5